CP:SLD

**07 1210M**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

　　- against -

PEDRO PIZARRO,

　　　　　Defendant.

- - - - - - - - - - - - - - - - X

S U P P L E M E N T A L
A F F I D A V I T

(T. 21, U.S.C., § 846)

EASTERN DISTRICT OF NEW YORK, SS:

　　　　JOSEPH CATALANO, being duly sworn, deposes and states that he is a Special Agent with the Drug Enforcement Administration (the "DEA") duly appointed according to law and acting as such.

　　　　Upon information and belief, in or about November, 2007, within the Eastern District of New York and elsewhere, the defendant PEDRO PIZARRO, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a substance containing cocaine, a Schedule II controlled substance, in an amount of 5 kilograms or more.

　　　　(Title 21, United States Code, Section 841(b)(1)(A)(ii)(II); Title 18, United States Code, Sections 3551 et seq.)

　　　　The source of your deponent's information and the

1

grounds for his belief are as follows:[1]

    1. Attached hereto and incorporated by reference is a Complaint I filed against CARLOS HERNANDEZ-GONZALEZ for conspiring to distribute five kilograms or more of cocaine.

    2. In sum and in substance, the DEA arrested CARLOS HERNANDEZ-GONZALEZ after a vehicle in which he was a passenger was stopped and found to contain approximately 25 kilograms of cocaine. Throughout the complaint, the driver of the vehicle was referred to, but not identified. Of note, after the arrest of HERNANDEZ-GONZALEZ, the driver was advised of his <u>Miranda</u> rights, waived them and confessed that he was with HERNANDEZ-GONZALEZ in order to transport the box of cocaine for distribution. The driver further informed that he had, in the past weeks, driven HECTOR-GONZALEZ to Queens, New York, in order to deliver what he understood to be proceeds from the sale of narcotics.

    3. The driver identified in the complaint is the defendant PEDRO PIZARRO.

---

[1] Because the purpose of this affidavit is to state only probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

WHEREFORE, your deponent respectfully requests that the defendant PEDRO PIZARRO be dealt with according to law.

Joseph Catalano
Special Agent, DEA

Sworn to before me this
14th day of November 2007

POHORELSKY
'RATE JUDGE
NEW YORK

# Exhibit A

CP:SLD

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

CARLOS HERNANDEZ-GONZALEZ,
    also known as "Tony,"

        Defendant.

- - - - - - - - - - - - - - - - X

C O M P L A I N T

(T. 21, U.S.C., § 846)

EASTERN DISTRICT OF NEW YORK, SS:

       JOSEPH CATALANO, being duly sworn, deposes and states that he is a Special Agent with the Drug Enforcement Administration (the "DEA") duly appointed according to law and acting as such.

       Upon information and belief, in or about November, 2007, within the Eastern District of New York and elsewhere, the defendant CARLOS HERNANDEZ-GONZALEZ, also known as "Tony," did knowingly and intentionally conspire to distribute and possess with intent to distribute a substance containing cocaine, a Schedule II controlled substance, in an amount of 5 kilograms or more.

       (Title 21, United States Code, Section 841(b)(1)(A)(ii)(II); Title 18, United States Code, Sections 3551 et seq.)

1

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I have been a Special Agent with the DEA for approximately four years. Through my work with the DEA, I have participated in numerous narcotics trafficking investigations, during the course of which I have conducted or participated in surveillance, execution of search warrants, debriefings of informants and reviews of taped conversations and records. Through my training, education and experience, I have become familiar with the manner in which narcotics are smuggled into, and distributed throughout, the United States. Through similar means, I have become familiar with the manner in which proceeds derived from the distribution of narcotics are transported and laundered. I am further familiar with the efforts of persons involved in such activities to avoid detection by law enforcement.

2. The facts set forth in this affidavit are based in part on information that I have learned from review of written documents prepared by, and conversations with, members of the DEA. Furthermore, in portions of this affidavit that describe surveillance, all surveillance was conducted by officers assigned to the DEA. The observations of the involved law enforcement

---

[1] Because the purpose of this affidavit is to state only probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

2

officers have been related to me to supplement the activities that I personally observed.

3. On or about November 12, 2007, law enforcement established surveillance in the neighborhood of 233 Street and Bronx Boulevard in Bronx, New York.

4. At approximately 11:30 p.m., law enforcement officers observed a white Nissan Murano (the "Murano") idling at the corner parked of 226 Street and Bronx, Boulevard. At that time, law enforcement observed an individual later identified as the defendant CARLOS HERNANDEZ-GONZALEZ speaking on a cellular telephone outside of the Murano.

5. After a short period of time, the defendant CARLOS HERNANDEZ-GONZALEZ entered the Murano, which was being driven by another individual ("the Driver"). After entering the Murano, the vehicle left the location, but returned to the vicinity shortly thereafter. Once there, the defendant HERNANDEZ-GONZALEZ exited the Murano and appeared to be speaking with someone on his cellular telephone.

6. Once again, the defendant CARLOS HERNANDEZ-GONZALEZ reentered the Murano and the vehicle left the location, only to return a short time later.

7. Law enforcement observed these events continue in this patter approximately four times. Each time, the Murano would pull into a parking space or double park on the street, the

defendant CARLOS HERNANDEZ-GONZALEZ would then exit the vehicle, speaking on his cellular telephone, only to reenter the vehicle a short time later. Once he reentered the Murano, it would leave the vicinity, only to return a short time later.

6. Based upon my training and experience, I believe that the above-detailed observations were consistent with narcotics trafficking. Specifically, I believe the occupants of the Murano were attempting to locate an individual in order to personal meet with them. My belief as to the illicit nature of the intended meeting is based upon the fact that the Murano was continually being driven around the area, only to return a short time later and despite the fact that there were available parking on the street. Furthermore, I believe that the defendant CARLOS HERNANDEZ-GONZALEZ kept exiting the Murano to speak on his cellular telephone in order to exclude the Driver from knowing certain things.

7. Based upon the foregoing, the Murano was followed by law enforcement. Once behind the Murano, the vehicle appeared to accelerate. At that time, the Murano was pulled over by law enforcement.

8. After law enforcement stopped the Murano, they approached the vehicle and observed an open container of alcohol in the front passenger area, as well as a large box in the rear passenger area. After a time, the Driver was asked for and gave

4

verbal consent to law enforcement to search the vehicle and the box in the rear. Before a narcotics detector dog could inspect the box, the Driver stated that it contained cocaine. A subsequent search of the box confirmed the Driver's statement. In particular, law enforcement recovered approximately 25 packages from the box, one of which was field-tested and proved positive for the presence of cocaine.

    9. At that time, the defendant CARLOS HERNANDEZ-GONZALEZ and the Driver were placed under arrest. The Driver was advised of and waived his <u>Miranda</u> rights and agreed to answer questions. In response to questions, the Driver stated, in sum and in substance, that he was with the defendant, who he knew as "Tony," in order to transport the box of cocaine because the defendant did not know New York City. The Driver further stated that on at least two prior occasions, in the past weeks, he has driven the defendant to Queens, New York, in order to deliver what he understood to be proceeds from the sale of narcotics.

    WHEREFORE, your deponent respectfully requests that the

defendant CARLOS HERNANDEZ-GONZALEZ, also known as "Tony," be dealt with according to law.

                                                                          _____
                                                                          Joseph Catalano
                                                                          Special Agent, DEA

Sworn to before me this
13th day of November 2007


HONORABLE VIKTOR V. POHORELSKY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

6